IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK ANTHONY NELSON, No.
N-26271,

    Petitioner,

vs.

RANDY J. DAVIS, *et al.*,

    Respondents.        Case No. 11-cv-1011-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Pending before the Court is petitioner Mark Anthony Nelson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner, currently incarcerated in the Pinckneyville Correctional Center, challenges his 1991, St. Clair County, Illinois conviction for armed robbery. Petitioner alleges various claims of ineffective assistance of counsel. He additionally alleges that he was penalized for exercising his constitutional right to a jury trial.

    Petitioner alleges he directly appealed his conviction and subsequently sought leave to appeal the Illinois Appellate Court's decision affirming his conviction to the Illinois Supreme Court. He further relates that he filed an unsuccessful state post-conviction proceeding, for which petitioner also sought leave to appeal. Finally, petitioner relates that he filed a state habeas corpus

petition. Petitioner is unaware of the resolution of said state habeas corpus petition. Thus, it is unclear from the face of petitioner's petition whether he has exhausted his state remedies, however, the appropriate hearing before the Magistrate Judge should clarify that issue.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty (30) days of the date this order is entered.  This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

Finally, on the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party.  *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), cert denied, 520 U.S. 1171 (1997)(a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of the RULES GOVERNING SECTION 2254 CASES.  In this case, the petitioner is not challenging a future sentence, but rather his present confinement.  Therefore, the Illinois Attorney General is not a proper party.

**IT IS SO ORDERED.**

Signed this 8th day of August, 2012.

Digitally signed by David R. Herndon
Date: 2012.08.08 16:18:39 -05'00'

**Chief Judge**
**United States District Court**