IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARK ANTHONY NELSON, | ) | |
| | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-1011-DRH-DGW |
| | ) | |
| RANDY J. DAVIS, | ) | |
| | ) | |
|    Respondent. | ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge David R. Herndon pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by Petitioner, Mark Anthony Nelson, on November 16, 2011 (Doc. 1) and the Motion to Dismiss filed by Respondent, Randy J. Davis, on November 8, 2012 (Doc. 16).   For the reasons set forth below, it is **RECOMMENDED** that Respondent Randy J. Davis be substituted by Donald Gaetz,[1] that the Petition be **DISMISSED**, that the Motion to Dismiss be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Petitioner was convicted on June 13, 1991 of armed robbery and sentenced to 40 years' imprisonment to run consecutively with a 30 year sentence imposed on June 22, 1989 (Doc. 1, pp. 4-5).   He appealed his conviction to the Illinois Court of Appeals which rendered an opinion on

---

[1] Respondent and Petitioner indicate that Petitioner is currently housed at the Pinckneyville Correctional Center where Donald Gaetz is the Warden.   Donald Gaetz should be substituted as the Respondent in this matter.   *See* Rule 2(a) of the Rules Governing Section 2254 Cases.

October 23, 1992.  (*Id.* at 5; Doc. 1-1, p. 4).   Petitioner asserts that he attempted to appeal to the Illinois Supreme Court on December 15, 1992, but that he never received a response (Doc. 1, pp. 5-6).[2]

Petitioner filed a post-conviction petition with the state courts 10 years later, on November 3, 2003 (Doc. 1-1, p. 5).   On April 3, 2008, the trial court dismissed the petition as untimely (*Id.*). On appeal, the Illinois Court of Appeals similarly found that none of Petitioner's reasons for filing an untimely post-conviction petition were creditable (*Id.* at 9).   A Petition for Leave to Appeal was denied on November 29, 2010 (*Id*. at 31).

Petitioner also filed a "State Habeas Corpus" on May 22, 2009 which was "dismissed to allow Plaintiff to effectuate proper service" (Doc. 1, pp. 7-8).   Plaintiff states that he has not received a response regarding a motion to reconsider that he filed on April 30, 2010 (*Id.*).

The Petition in this Court was filed on November 16, 2011.   Petitioner raises three grounds for relief:

>   1.  Post-Conviction counsel was ineffective and prevented a hearing on the merits of his claims;
>
>   2.  He was penalized for exercising his right to a trial by jury when he was promised that his sentences would run concurrently if he pled guilty; and
>
>   3.  Ineffective assistance of trial and appellate counsel who failed to make a state speedy trial argument.

Respondent's Motion to Dismiss argues that the Petition is untimely and that, to the extent that the first claim is timely, it is not a recognizable habeas claim.

---

[2] In its Rule 23 Order dated April 6, 2010, the Illinois Court of Appeals indicated that "[a]lthough he filed on November 16, 1992, a *pro se* notice of intent to appeal, he failed to actually appeal from this court's decision."   (Doc. 1-1, p. 5).

2

**CONCLUSIONS OF LAW**

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes time limits on the filing of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  A petitioner must file his Petition within 1 year of various events:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2244(d)(1)

This limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review . . . is pending."  *Id.* at § 2244(d)(2).

As indicated above, the Illinois Court of Appeals affirmed Petitioner's conviction on October 23, 1992.  Petitioner claims that he appealed this decision by filing a Petition for Leave to Appeal on December 15, 1992 but that he never received a response from the Illinois Supreme Court.  In its April 6, 2010 Rule 23 Order, however, the Illinois Court of Appeals indicated that while Plaintiff filed a *notice of appeal*, he did not actually file an appeal of his conviction to the Illinois Supreme Court (Doc. 1-1, p. 5).  In either case, Petitioner's judgment became final on November 13, 1992, which is 21 days after the Illinois Court of Appeals affirmed his conviction and the date on which a Petition for Leave to Appeal should have been filed.  *See* ILL. COMP.

STAT. S. CT. R. 315(b) (1992); *Anderson v. Litscher*, 281 F.3d 672, 674-675 (7th Cir. 2002). Because Petitioner's judgment became final prior to the effective date of the AEDPA, the limitations period on his claims, to the extent that 28 U.S.C. § 2244(d)(1)(A) applies, expired on April 24, 1997.  *Carey v. Saffold*, 536 U.S. 214, 217 (2002); *Pace v. DiGuglielmo*, 544 U.S. 408, 422-423 (2005).  The limitations period was not tolled while Petitioner's 2003 and 2009 state post-conviction petitions were pending because they were filed after April 24, 1997.  *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("It follows that a state proceeding that does not begin until the federal year has expired is irrelevant."); *Griffith v. Rednour*, 614 F.3d 328, 329-330 (7th Cir. 2010).

While § 2244(d)(1)(A) would apply to the second and third grounds for relief (rendering them untimely), Petitioner also is asserting that his post-conviction counsel rendered ineffective assistance of counsel, a claim that is arguably timely.   Respondent notes that there may have been some question in the law as to whether the limitations period contained in § 2244(d)(1) would apply on a claim-by-claim basis or whether the limitations period would apply to the entire Petition such that a timely filed claim may resurrect untimely claims. Respondent urges the Court to find that § 2244(d)(1) applies on a claim-by-claim basis so that the timeliness of individual claims is considered separately.   In *Pace*, the Supreme Court noted, in dicta, that § 2244(d)(1) contains one limitations period for the application as a whole (§2244(d)(1)(A)) and then three additional limitations periods "that require claim-by-claim consideration" (§§ 2244(d)(1)(B), (C), and (D)). *Id*. 544 U.S. at 416 n.6.   The Seventh Circuit Court of Appeals has not squarely addressed whether § 2244(d)(1) applies to an entire petition or on a claim-by-claim basis.   However, each Circuit Court that has addressed the issue has held that § 2244(d)(1) applies on a claim-by-claim basis

4

such that a timely filed claim would not resurrect untimely claims. *Zack v. Tucker*, 704 F.3d 917, 921-922 (11th Cir. 2013), *overruling Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003); *Prendergast v. Clements*, 699 F.3d 1182, 1186-1187 (10th Cir. 2012); *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012); *Bachman v. Bagley*, 487 F.3d 979, 984 (6th Cir. 2007); *Fielder v. Varner*, 379 F.3d 113, 117-18 (3rd Cir. 2004)   This Court would follow suit: Petitioner's timely first claim does not resurrect the untimely second and third claim.

As to this first claim, Petitioner argues that his post-conviction counsel was ineffective for failing to properly raise a state law speedy trial violation.   Such a claim must fail on the merits. Petitioner has no Sixth Amendment right to counsel in post-conviction proceedings.   *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).   Therefore, there can be no constitutional claim for ineffective assistance of post-conviction counsel.   *Id.*; *Wilson v. United States*, 413 F.3d 685, 687 (7th Cir. 2005).

Petitioner has not established that his claims are subject to equitable tolling nor can this Court find that he is entitled to such an extraordinary remedy.   *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007).   Petitioner does appear to borrow, from the procedural default doctrine, an argument that there is "cause and prejudice" for his failure to bring his claims in a timely manner. This argument, however, misses the mark: Petitioner has not necessarily defaulted on these claims, he merely failed to file them in a timely manner.   Petitioner simply offers no excuse as to why he failed to file his claims in a timely manner.   For these reasons, the Petition should be **DISMISSED**.

Respondent also argues that Petitioner is not entitled to a certificate of appealability.   This Court would find that Petitioner has failed to make a "substantial showing of the denial of a

5

constitutional right." 28 U.S.C. § 2253(c)(2). The question of whether or not the Petition is timely does not support the issuance of a certificate. *Rivera v. Pollard*, 2013 WL 485274, *2 (7th Cir. 2013). Moreover, the only timely claim in this Petition does not raise a constitutional claim.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Respondent Randy J. Davis be substituted by Donald Gaetz, that the Petition (Doc. 1) be **DISMISSED**, that the Motion to Dismiss (Doc. 16) be **GRANTED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 21, 2013**

                                      **DONALD G. WILKERSON**
                                      **United States Magistrate Judge**