IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK ANTHONY NELSON,

Petitioner,

v.

DONALD GAETZ,[1]

Respondent.                                    Case No. 11-cv-1011-DRH-DGW

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I.  Introduction

Before the Court is a Report and Recommendation (R&R) (Doc. 25) of United States Magistrate Judge Donald G. Wilkerson, issued pursuant to 28 U.S.C. § 636(b)(1)(B), recommending that the Court **GRANT** respondent's motion to dismiss petitioner Nelson's § 2254 petition (Doc. 16) and thus **DISMISS** Nelson's petition and **DENY** him a certificate of appealability (COA).

The R&R was sent to the parties, informing them of their right to file "objections" within fourteen days of service of the R&R.  Since the filing of the R&R, Nelson has filed objections (Doc. 27) which respondent has addressed (Doc. 29).  This Court will only undertake *de novo* review of specifically objected-to portions of the R&R.  28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SOUTHERN

---

[1] The Court adopts the R&R's recommendation that Donald Gaetz be substituted as the respondent herein, *see* Rule 2(a) of the Rules Governing Section 2254 cases in the United States District Courts; Fed. R. Civ. P. 25(d)(1); *Bridges v. Chambers,* 425 F.3d 1048, 1049-50 (7th Cir. 2005). **The Clerk is instructed to change the docket sheet accordingly.**

DISTRICT OF ILLINOIS LOCAL RULE 73.1(b); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court need not conduct a *de novo* review of the findings of the R&R for which no specific objections are made. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). Instead, the Court can simply adopt these findings after review for clear error. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II. Background

For the reasons discussed below, the Court adopts the findings of fact and recommendations of the R&R in their entirety. Thus, the Court will not fully recite the factual and procedural background of Nelson's underlying state court proceedings. Moreover, Nelson does not object to the R&R's findings of fact. In brief, Nelson was convicted on June 13, 1991 of armed robbery and sentenced to 40 years' imprisonment to run consecutively to a 30 year sentence imposed on June 22, 1989. Nelson appealed his conviction to the Illinois Court of Appeals which rendered an opinion on October 23, 1992. While Nelson asserts he attempted to appeal the appellate court's decision, he alleges that he never received a response from the Illinois Supreme Court. For a summary of Nelson's state post-conviction and "State Habeas Corpus" petitions filed in 2003 and 2009, respectively, the Court refers the reader to the R&R.

Instantly, Nelson raises three grounds for relief:

1. Post-conviction counsel was ineffective and prevented a hearing on the merits of his claims;

2. He was penalized for exercising his right to a jury trial when he was promised that his sentences would run concurrently if he pled guilty; and

3. Ineffective assistance of trial and appellate counsel who failed to make a state speedy trial argument.

The R&R finds that Nelson's petition is untimely and to the extent that his first claim is timely, it is not cognizable in a habeas petition. The Court agrees.

### III. Objections

In construing Nelson's objections are liberally as possible, it appears he raises three arguments as to why the Court should not adopt the R&R's legal conclusions.

**1. Ineffective Assistance of Post-Conviction Counsel**

As to Nelson's first claim, alleging that his post-conviction counsel was ineffective and prevented a hearing as to the merits of his claims, the R&R recommends that while it is arguably timely, it fails on its merits. The R&R notes that because Nelson has no Sixth Amendment right to counsel in post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), there can be no constitutional claim for ineffective assistance of post-conviction counsel. *Id.*; *Wilson v. United States*, 413 F.3d 685, 687 (7th Cir. 2005). Nelson's objection merely re-alleges his arguments surrounding his claim for ineffective assistance of post-conviction counsel. The Court adopts the R&R's recommendation as to Nelson's first claim as it is correct.

**2. Limitations Period of § 2241(d)(1) Considered Claim-by-Claim**

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes time limits on the filing of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A petitioner must file his petition within 1 year of various events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The R&R finds that Nelson's judgment became final on November 13, 1992. *See* ILL. COMP. STAT. S. CT. R. 315(b) (1992). The R&R further finds that because Nelson's judgment became final prior to the effective date of the AEDPA, the limitations period on his claims, to the extent that 28 U.S.C. § 2241(d)(1)(A) applies, expired on April 24, 1997. *Carey v. Saffold*, 536 U.S. 214, 217 (2002); *Pace v. DiGuglielmo*, 544 U.S. 408, 422-423 (2005). Thus, because Nelson's 2003 and 2009 state post-conviction petitions were filed after April 24, 1997, the limitations period was not tolled while those petitions were pending. *See De*

*Jesus v. Acevedo,* 567 F.3d 941, 943 (7th Cir. 2009). Nelson does not specifically object to these findings and the Court adopts them as its own.

The R&R notes that while Nelson's second and third claims fall under § 2244(d)(1)(A) and are thus untimely, Nelson's first claim asserting that his post-conviction counsel rendered ineffective assistance is arguably timely (but for the reasons discussed above without merit). However, the R&R recommends following the reasoning of every sister circuit that has addressed the issue and find that the limitation period of § 2241(d)(1) applies on a claim-by-claim basis. *Zack v. Tucker*, 704 F.3d 917, 921-922 (11th Cir. 2013), *overruling Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003); *Prendergast v. Clements*, 699 F.3d 1182, 1186-1187 (10th Cir. 2012); *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012); *Bachman v. Bagley*, 487 F.3d 979, 984 (6th Cir. 2007); *Fielder v. Varner*, 379 F.3d 113, 117-18 (3d Cir. 2004). Thus, Nelson's arguably timely claim does not resurrect his untimely second and third claims. Nelson objects to this recommendation, but the Court cannot decipher Nelson's proposed argument. It appears he simply feels this Court should not follow the reasoning of the above circuit opinions. The Court feels the unanimous approach of the above circuits is correct and thus adopts the R&R's reasoning and endorses the claim-by-claim approach.

### 3. Equitable Tolling

Finally, the R&R finds that Nelson, "has not established that his claims are subject to equitable tolling nor can this Court find that he is entitled to such an

extraordinary remedy" (Doc. 25, p. 5) (citing *Lo v. Endicott*, 506 F.3d 685, 687 (7th Cir. 2007)). Nelson seems to object to this finding, but offers no coherent argument in support. It seems he would like to "borrow" the concept of "cause and prejudice" from the procedural default doctrine, yet he once again fails to cite any reason for not filing his claims in a timely manner. Thus, the Court adopts the R&R's finding that Nelson has not established that his claims are subject to equitable tolling. The Court **ADOPTS** the R&R in its entirety.

### 4. Certificate of Appealability

Lastly, "[t]he district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant." Rule 11(a), RULES GOVERNING § 2254 CASES. A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nelson's claims are untimely or non-cognizable and reasonable jurists would not debate these findings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court adopts the R&R's recommendation that the Court deny Nelson a COA.

## IV. Conclusion

For the reasons discussed herein, the Court **ADOPTS** the findings of the R&R (Doc. 25) over Nelson's objections (Doc. 27). Thus, the Court **GRANTS** respondent's motion to dismiss (Doc. 16). Nelson's claims are **dismissed with prejudice**. The Court **DENIES** Nelson a COA.

**IT IS SO ORDERED.**

Signed this 8th day of July, 2013.

Digitally signed by David R. Herndon
Date: 2013.07.08 16:06:01 -05'00'

**Chief Judge**
**United States District Court**